Affirmed and Memorandum Opinion filed June 12, 2008








Affirmed and Memorandum Opinion filed June 12, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00996-CR

____________

 

ABEL MORALES ALMAGUER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 1041194

 



 

M E M O R A N D U M   O P I N I O N

Appellant Abel Morales Almaguer appeals his conviction for
burglary of a habitation, asserting the trial court erred by (1) admitting
extraneous-offense evidence in violation of Texas Rules of Evidence 404(b) and
403, and (2) admitting an in-custody statement in violation of article 38.22 of
the Texas Code of Criminal Procedure.  We affirm.

I.  Factual and Procedural Background








Complainant Heather Upshaw returned to her home one evening
and discovered her back door had been kicked in.  Because she feared that
someone was still inside her home, she drove to the home of her fiancé, Chris
Leard, and sought his help.  She asked Leard to accompany her to her home to
assess the damage.  They carried pistols for protection.

Upon their arrival at the home, they found Upshaw=s belongings had
been Arifled through.@  Upshaw and Leard
did not conduct a complete inventory of her belongings, but only a cursory
assessment.  Upshaw noticed a trumpet and DVD player were missing.  They
remained in the home for less than an hour and did not look for the
perpetrator.  The damage to the back door made it impossible to secure the
door, and out of safety, Upshaw decided she should not sleep in her home that
evening.  Upshaw and Leard closed and attempted to lock the damaged door to
secure the residence as much as possible.

The next morning, Upshaw and Leard stopped at the home
before taking Upshaw=s son to school.  They discovered the
damaged back door was open again.  Upon their entry, they noticed more disarray
than when they left the home the previous night.  Someone had removed pictures
from the walls and emptied the contents of drawers and boxes onto the floors. 
Upshaw and Leard again closed the damaged door and took Upshaw=s son to school.

Twenty minutes later, they returned to the home for a third
time within twelve hours to find that the damaged door was open again.  Leard
armed himself with a pistol.  As he was loading the gun, appellant walked
through the damaged doorway and said, ADon=t shoot me.@  Leard held
appellant at gunpoint while Upshaw called police from a neighbor=s home.  Appellant
told Upshaw that he did not burglarize her home, but was protecting it from a
person named APsycho.@

Officer Mundy responded to the call and searched appellant,
finding in appellant=s pockets a steak knife bearing Upshaw=s identifying
marks and a comb and lighter from Upshaw=s night stand. 
Officer Mundy arrested appellant.  The officer did not find anyone else in the
home.  Police could not locate a person named APsycho,@ whom appellant
alleged was involved.








Appellant was charged as a habitual offender with the
felony of burglarizing Upshaw=s home, a habitation.  Appellant pleaded Anot guilty.@  A jury found
appellant guilty as charged and assessed punishment at twenty-five years= confinement.

II.  Issues and Analysis

A.      Did the trial court err in
admitting evidence of prior burglaries in violation of Texas Rules of Evidence
404(b) and 403?

In his first two issues, appellant claims the trial court
erred in admitting extraneous-offense evidence in violation of Texas Rules of
Evidence 404(b) and 403.  Appellant complains of Upshaw=s testimony that
her home was burglarized at least three times over a twelve-hour period.  The
first burglary occurred when she discovered the door was kicked in and her
items were Arifled through;@ the second
occurred the next morning when she discovered her house had been Aransacked;@ and the third
occurred twenty minutes later when appellant was arrested at Upshaw=s home.

Before testimony began, appellant filed a motion in limine
requesting an evidentiary hearing outside of the jury=s presence before
the State made reference to any past burglaries at Upshaw=s home.  The
motion provided in part:

Defense counsel has examined the document purported to be the official
Houston Police Department offense report.  Contained therein, counsel has read
that the complaining witness claimed that she had been burglarized one or more
times.  The complainant further makes the claim that the reason she was not
present at the alleged scene of the alleged offense was that she was afraid
because of the alleged past burglary/burglaries.  Absolutely no evidence
linking [appellant] to the alleged burglary/burglaries is present in the State=s file of the instant trial.








The
record reflects the State orally agreed to this motion, but the trial court did
not rule on the motion before the trial began.  During the State=s opening
statement, appellant objected to the prosecutor=s reference to
Upshaw finding her home burglarized two times within the twelve-hour period
before appellant=s arrest.  Outside of the jury=s presence, the
prosecutor explained that he believed appellant=s motion in limine
referred to a burglary involving a motor scooter that occurred at Upshaw=s home two weeks
before the charged offense.[1] 
The prosecutor argued first that any reference to the two prior instances of
burglary in the twelve-hour period preceding appellant=s arrest was part
of a continuing transaction as alleged in the indictment, or, alternatively,
that the burglaries were same-transaction contextual evidence. 

The trial judge determined that the two prior incidents Ablended together@ as one because
Upshaw did not inventory her property after the first incident.  The trial
judge determined that the presentation of the evidence would explain the
context for Upshaw leaving her home unsecured. The trial judge indicated that
jury members could draw their own inferences from the weight of the evidence
that showed appellant was not found Aon the scene@ until shortly
before he was arrested, and that some items were missing from Upshaw=s home in the
first burglary.  The trial judge overruled appellant=s motion in
limine.  After conducting a Rule 403 balancing test at appellant=s request, the
trial judge admitted the extraneous-offense evidence, finding it to be more
probative than prejudicial. 

Appellant asserts the trial court erred in admitting Upshaw=s
extraneous-offense testimony because the evidence suggests that he was
repeatedly involved in burglarizing Upshaw=s home.  He also
claims harm in that he was not offered proper notice of the State=s intent to use
the extraneous-offense evidence under Rule 404(b).  The State argues on appeal
that Upshaw=s testimony is not extraneous-offense evidence, and
alternatively, that the evidence is same-transaction contextual evidence.

We review a trial court=s decision to
admit or exclude evidence under an abuse-of-discretion standard.  Green v.
State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).  Under this standard,
we reverse only if the ruling is outside the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g).








1.       Texas
Rule of Evidence 404(b)

Evidence of other crimes, wrongs, or bad acts that an
accused may have committed cannot be introduced for the purpose of showing an
accused=s action in
conformity with criminal character in proving the crime currently charged.  Lockhart
v. State, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992); Montgomery,
810 S.W.2d at 386.  However, evidence of extraneous offenses may be admitted
for other purposes.  Tex. R. Evid.
404(b); Lockhart, 847 S.W.2d at 571.

Evidence of extraneous offenses that are indivisibly
connected as a continuous transaction to the charged offense or are closely
interwoven with the case on trial may be admitted for the purpose of
illuminating the nature of the crime alleged or for providing context for the
offense.  Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993);
Lockhart, 847 S.W.2d at 570; Mayes v. State, 816 S.W.2d 79, 86B87 n.4 (Tex. Crim.
App. 1991); see Mann v. State, 718 S.W.2d 741, 744 (Tex. Crim. App.
1986).  Likewise, when an offense is one continuous transaction or is
closely interwoven with the case on trial, proof of all such facts is proper.  Mayes,
816 S.W.2d at 86.  Circumstances of the offense that tend to prove the
allegations in the indictment are not extraneous offenses.  Camacho, 864
S.W.2d at 532. 








Same-transaction contextual evidence may constitute legally
separate offenses; however, the evidence imparts to the trier of fact
information essential to understanding the context and circumstances of
events.  Camacho, 864 S.W.2d at 532.  Offering context is necessary for
a trier of fact to realistically evaluate the evidence to gain an understanding
of what occurred immediately prior to and after the commission of the charged
act because Acrimes do not occur in a vacuum.@  See Wilkerson
v. State, 874 S.W.2d 127, 131 (Tex. App.CHouston [14th
Dist.] 1994, pet. ref=d); see also Camacho, 864 S.W.2d at
532; Rogers v. State, 853 S.W.2d 29, 33B34 (Tex. Crim.
App. 1993) (pertaining to necessity); Mann, 718 S.W.2d at 744;
Albrecht v. State, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972) (involving
background evidence).  Contextual evidence is admissible when the charged
offense would make little or no sense without the contextual evidence, because
in narrating the charged offense, it is difficult to avoid describing the other
offense.  Rogers, 853 S.W.2d at 33B34.

We conclude that Upshaw=s testimony of
finding her home burglarized twice in the twelve hours preceding appellant=s arrest was
relevant as same-transaction contextual evidence to show the events were
closely interwoven and to help the jury understand the context and background
in which the events transpired.  See Prible v. State, 175 S.W.3d 724,
732 (Tex. Crim. App. 2005) (concluding that extraneous-offense evidence Afills in gaps of
the interwoven events@ and of criminal conduct and helps the
jury understand the context of the case); Lockhart, 847 S.W.2d at 571
(finding same-transaction contextual evidence relevant under Rule of Evidence
401).  The evidence pertaining to the prior burglaries constitutes
same-transaction contextual evidence because such evidence imparted essential
information pertinent to understanding the context and circumstances of the
events, which although are legally separate offenses, are blended or interwoven
with the charged offense.  See Camacho, 864 S.W.2d at 532.  Upshaw=s testimony of the
prior burglaries was relevant to understanding why she left her home unsecured
and why she and Leard returned to the home with guns.  See Mann, 718
S.W.2d at 743 (involving relevance).  Her testimony would make little sense in
describing why Leard held appellant at gunpoint without an understanding that
twice before in the preceding twelve hours, someone had kicked in Upshaw=s backdoor and
stolen her belongings.  Rogers, 853 S.W.2d at 33B34.  Because the
burglaries in the twelve hours preceding appellant=s arrest are
closely interwoven with the events supporting the case on trial, proof of these
facts is proper.  See Mayes, 816 S.W.2d at 86.  As such, the evidence is
admissible not for the purpose of showing character conformity, but to offer
context and illuminate the nature of the crime alleged.  See Camacho,
864 S.W.2d at 532.  Therefore, the trial court did not abuse its discretion in
admitting the evidence.








Appellant also alleges harm in the State=s failure to
notify him of its intent to use this same evidence.  The requirement under
Texas Rule of Evidence 404(b) that the State give a defendant reasonable notice
before trial of its intention to offer evidence of other crimes, wrongs, or
acts does not apply when other crimes, wrongs, or acts arise in the Asame transaction.@  Tex. R. Evid. 404(b); see Gregory v.
State, 56 S.W.3d 164, 177 (Tex. App.CHouston [14th
Dist.] 2001, pet. dism=d).  Crimes, wrongs, or acts that are not Aextraneous@ to the offense
charged, as in this case, but rather arise from the same transaction are not
subject to the Rule 404(b) notice requirement.  Tex. R. Evid. 404(b); see Gregory, 56 S.W.3d at 177; see
also Camacho, 864 S.W.2d at 534 (involving limiting instructions for
same-transaction contextual evidence that appellant disputed as Aextraneous@).  Furthermore,
the record reflects the trial judge specifically ruled that no harm ensued from
the State=s use of Upshaw=s testimony
describing the prior burglaries because appellant knew of the burglaries before
trial began, as reflected in appellant=s motion in
limine.  Because Upshaw=s testimony was admissible
same-transaction contextual evidence, the State was not required to give
advance notice that it would offer such evidence at trial.  See Gregory,
56 S.W.3d at 177.  Thus, the trial court did not abuse its discretion in
overruling appellant=s notice objections.  See id.








Even if the trial court had erred in overruling appellant=s notice
objections, appellant still could not prevail because the record does not show
that these rulings would amount to reversible error.  Under Texas Rule of
Appellate Procedure 44.2(b), we are to disregard any error unless it affects
appellant=s substantial rights.  Tex. R. App. P. 44.2(b).  A substantial right is affected
when the error had a substantial, injurious effect or influence on the jury=s verdict.  King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  The weight of the
evidence of appellant=s guilt is relevant in conducting a harm
analysis under Rule 44.2(b).  Motilla v. State, 78 S.W.3d 352, 360 (Tex.
Crim. App. 2002).  In this case, the evidence of appellant=s guilt is
overwhelming, considering that he exited Upshaw=s home through the
damaged doorway with Upshaw=s belongings in his pockets.  We conclude
that even if the trial court erred in overruling appellant=s objections, this
error would not affect appellant=s substantial
rights.  See Tex. R. App. P. 44.2(b);
Moreno v. State, 195 S.W.3d 321, 328 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).  Accordingly, we overrule appellant=s first issue.

2.       Texas
Rule of Evidence 403

Even if relevant evidence is offered and admitted under
Rule 404(b), a trial court nonetheless should exclude it from evidence if the
probative value of the evidence is substantially outweighed by the danger of
unfair prejudice.  Tex. R. Evid.
403; Montgomery, 810 S.W.2d at 387.  Courts should balance the following
factors under a Rule 403 analysis:  (1) the strength of the evidence in making
a fact more or less probable, (2) the potential of the extraneous-offense
evidence to impress the jury in some irrational but indelible way, (3) the
amount of time the proponent needed to develop the evidence, and (4) the
strength of the proponent=s need for this evidence to prove a fact
of consequence.  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App.
1999).  Rarely will prejudicial value render contextual evidence inadmissible. 
Mann, 718 S.W.2d at 744.  








Reference to the burglaries was relevant to explaining the
context for the closely interwoven events that transpired preceding appellant=s arrest for the
instant case.  See Tex. R. Evid.
401; Lockhart, 847 S.W.2d at 571.  In this case, the probative value is
compelling, as the evidence relates to appellant=s claim that APsycho@ was returning to
steal Upshaw=s items and explains the context for why Upshaw left
her home unsecured and returned with a gun.  Though evidence of the burglaries
in the twelve hours preceding appellant=s arrest may be
prejudicial in suggesting to the jury that appellant repeatedly burglarized
Upshaw=s home preceding
his arrest at Upshaw=s home, the probative value of this
evidence outweighs any prejudicial effect especially when considering that the
evidence did not prove beyond a reasonable doubt that appellant entered the
home in the two burglaries preceding his arrest.  See Jones v. State,
962 S.W.2d 158, 166 (Tex. App.CFort Worth 1998, no pet.); Yates v.
State, 941 S.W.2d 357, 368 (Tex. App.CWaco 1997, pet.
ref=d).  The State
devoted a significant amount of time to developing the evidence of which
appellant complains; however, this evidence was necessary to develop the
context of the charged offense in explaining why Upshaw left her home unsecured
and returned with a pistol.  See Yates, 941 S.W.2d at 368.  The
decision to admit or exclude the contextual evidence was within the zone of
reasonable disagreement.  See Montgomery, 810 S.W.2d at 391.  Based on
our consideration of the required factors, the trial court did not abuse its
discretion in admitting the evidence.  We overrule appellant=s second issue.

B.      Did the trial court err in
admitting appellant=s in-custody statement in violation of article 38.22 of the
Texas Code of Criminal Procedure?

In his third issue, appellant complains that the trial
court erred in admitting a statement appellant allegedly made to Officer Mundy
while in police custody in violation of article 38.22 of the Texas Code of
Criminal Procedure.  The statement was admitted during the State=s direct
examination of Officer Mundy in the following exchange:

[PROSECUTOR]:  When you met the defendant, did he make any statement
without you asking any questions as to what happened?

[DEFENSE COUNSEL]:  Objection, Your Honor, hearsay.

[PROSECUTOR]:  That may be an admission againstC

[TRIAL COURT]:  Excuse me.

[PROSECUTOR]:  It=s aC 

[TRIAL COURT]:  Just rephrase your question.  Ask it again.  

[PROSECUTOR]:  Did the defendant make any statements to you?

[WITNESS]:  Yeah, when I first asked himC

. . . 

[PROSECUTOR]:  What statement did he make?

[DEFENSE COUNSEL]:  Objection, Your Honor, to any of the defendant=s statements.

[TRIAL COURT]:  Overruled.

[PROSECUTOR]:  You can answer the question.

[WITNESS]:  The defendant basically told me he was trying to protect
the person=s home from his friend coming back
and stealing some more items.








Article 38.22 of the Texas Code of Criminal Procedure
prescribes strict requirements that must be satisfied before an accused=s oral statement,
made as the result of custodial interrogation, may be admitted into evidence.  See Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon 2005).  In this case, the record reflects that Officer Mundy first
described how he searched appellant and placed appellant in his police vehicle
before appellant allegedly made the statement.  We presume without deciding that
appellant was in custody at the time appellant allegedly made the statement.

To preserve a complaint for appellate review, a party must
make a timely request, objection, or motion with sufficient specificity to
apprise the trial court of the complaint.  Tex.
R. App. P. 33.1(a)(1)(A); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim.
App. 2002); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App.
1986).  Appellant has not cited and our independent review of the record has
not revealed that appellant raised an objection under article 38.22 in the
trial court.[2] 
See Thomas, 723 S.W.2d at 700.  With few exceptions, not applicable
here, even constitutional complaints may be waived by the failure to raise a
timely objection in the trial court.  See Saldano, 70 S.W.3d at
886B89. 








Furthermore, appellant=s objection on
appeal does not comport with the objection levied in the trial court.  See
Thomas, 723 S.W.2d at 700.  Appellant initially objected to the line of
questioning on hearsay grounds and then objected to testimony involving Aany of the
defendant=s statements.@  No error is
preserved when, as in this case, an objection made in the trial court differs
from the complaint made on appeal.  See id.

Finally, even if appellant had preserved his complaint for
appellate review, he still cannot prevail because appellant cannot demonstrate
harm.  The same facts were established by other, admissible evidence introduced
without objection.  See Willis v. State, 785 S.W.2d 378, 383 (Tex. Crim.
App. 1989).  The record reflects that Upshaw testified without objection that
appellant told her he entered the home only because a friend named APsycho@ was in the home
and appellant was attempting to Arun him off.@  Because Officer
Mundy=s testimony
established the same information to which Upshaw already had testified without
appellant=s objection, Officer Mundy=s testimony was
cumulative.  Any error in admitting Officer Mundy=s testimony was,
thus, harmless.  See id.  We overrule appellant=s third issue.

Having overruled appellant=s three issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed June 12, 2008.

Panel consists of
Justices Fowler, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  The parties do not contest whether the incident
involving the motor scooter should be admissible as extraneous-offense
evidence.  Rather, appellant specifically alleges that references to any
burglaries at Upshaw=s home within the twelve hours preceding appellant=s arrest at her home constitute extraneous-offense
evidence.





[2]  Appellant asserts that under the analysis and cases
cited within Heidelberg v. State, 144 S.W.3d 535, 538 (Tex. Crim. App.
2004), he has preserved error because the grounds for his objection were
apparent from the context that the statement was made while appellant was in
police custody.  Heidelberg instructs a reviewing court to look at each
situation individually.  See id. at 538.  The record in this case does
not reflect that the nature of appellant=s
imprecise objection pertained to an article 38.22 objection, especially when
the objection fell on the heels of a previous hearsay objection in the same
exchange.  In Heidelberg, the court specifically held that (1) lack of
time-specific questions by a prosecutor, (2) trial counsel=s failure to cite authority or specify that the
objection was based on post-arrest silence, or (3) the lack of commentary made
by the trial judge in making rulings on objections were factors specific to
that case to support that appellant had not preserved error.  Id. at 542B43.  It is unclear, in light of the holding in Heidelberg,
that all parties in this case understood the nature of appellant=s objection as involving an article 38.22 post-arrest
statement.  See id.